IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

CINDY L. YOUNG                                                           PLAINTIFF
101 Joy Court
Radcliff, Kentucky 40160

                                          Case No.: 3:18-cv-321-CHB

v.


GLA COLLECTION CO., INC.                                         DEFENDANTS
2630 Gleeson Lane
Louisville, Kentucky 40299

        SERVE:      Michael L. Lynch
                    2630 Gleeson Lane
                    Louisville, Kentucky 40299
                    (BY CERTIFIED MAIL)

AND

FORT KNOX FEDERAL CREDIT UNION SERVICE ORGANIZATION, INC.
P.O. Box 900
Radcliff, Kentucky 40159

        SERVE:      David T. Wilson, II
                    550 W. Lincoln Trail Boulevard
                    P.O. Box 610
                    Radcliff, Kentucky 40159
                    (BY CERTIFIED MAIL)

AND

HEIGHTS FINANCE CORPORATION
7707 N Knoxville Avenue, Suite 201
Peoria, Illinois 61614

        SERVE:      National Registered Agents, Inc.
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

PHOENIX FINANCIAL SERVICES, INC.
5185 Loretto Road
Lebanon, Kentucky 40033

      SERVE:    Joseph H. Browning
                  5185 Loretto Road
                  Lebanon, Kentucky 40033
                  (BY CERTIFIED MAIL)
AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                  421 W. Main St.
                  Frankfort, Kentucky 40601
                  (BY CERTIFIED MAIL)
AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                  306 W. Main Street, Suite 512
                  Frankfort, Kentucky 40601
                  (BY CERTIFIED MAIL

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Cindy L. Young, and for her Verified Complaint against the Defendants, GLA Collection Co., Inc. ("GLA"), Fort Knox Federal Credit Union Service Organization, Inc. ("FKFCU"), Heights Finance Corporation ("Heights"), Phoenix Financial Services, Inc. ("Phoenix"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") states as follows:

## I. PRELIMINARY STATEMENT

2

1.     This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding false and derogatory GLA, Phoenix, Heights and FKFCU tradelines on Plaintiff's credit reports.

## II. PARTIES

2.     Plaintiff, Cindy L. Young, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 101 Joy Court, Radcliff, Kentucky 40160.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, GLA, is a limited liability company organized under the laws of the Commonwealth of Kentucky with its principal place of business located at 2630 Gleeson Lane, Louisville, Kentucky 40299.

5.     GLA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, FKFCU, is a corporation organized under the laws of the Commonwealth of Kentucky and doing business in the Commonwealth of Kentucky with its principal place of business located at P.O. Box 900, Radcliff, Kentucky 40159.

7.     FKFCU is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

8.     Defendant, Heights, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 7707 North Knoxville Avenue, Suite 201, Peoria, Illinois 61614.

9.     Heights is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

10.     Defendant, Phoenix, is a corporation organized under the laws of the Commonwealth of Kentucky and doing business in the Commonwealth of Kentucky with its principal place of business located at 5185 Loretto Road, Lebanon, Kentucky 40033.

11.     Phoenix is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

12.     Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

13.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

15.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

16.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

17.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

18.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C.

4

§1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants doing business in Hardin County, Kentucky.

## IV. FACTUAL BACKGROUND

### Experian, GLA and Phoenix

19.     In or around January 2018, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Experian credit report and discovered false and derogatory tradelines furnished by GLA and Phoenix regarding alleged medical collections accounts.

20.     Immediately upon her discovery of the reporting of the collections account, Plaintiff disputed the GLA and Phoenix tradelines with Experian.  Specifically, Plaintiff disputed the GLA and Phoenix accounts, stating in her disputes that all fees for those services were paid by Medicaid and/or Passport of Kentucky.

21.     In February 2018, Plaintiff received Experian's dispute results.  Despite Plaintiff's lawful request for removal of the GLA and Phoenix tradelines, GLA, Phoenix and Experian verified the accuracy of the tradelines.

22.     In March 2018, FKFCU, Equifax and Experian verified the alleged past due FKFCU account reporting on Plaintiff's credit reports.

23.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, FKFCU, Equifax, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

24.     The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.  In addition, Defendant's violations of the FCRA have caused

Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## FKFCU, Heights, Equifax and Experian

25.     In or around January 2018, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax and Experian credit reports and discovered that FKFCU was reporting that Plaintiff's FKFCU account was past due and owing to FKFCU in the amount of $7,739.00.

26.     In or around September 2014, FKFCU charged off Plaintiff's debt in the amount of $7,739.00, presumably Plaintiff's remaining balance on the FKFCU account, pursuant to 26 C.F.R. § 6050P(b)(2)(G).

27.     Immediately upon discovering FKFCU's false and derogatory tradeline which showed an alleged balance due and owing to FKFCU, Plaintiff filed disputes with Equifax and Experian regarding the inaccuracy of the FKFCU tradeline given FKFCU's forgiveness and discharge of the alleged debt.

28.     Upon information and belief, Equifax and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified FKFCU of the disputes at or within five (5) days of Equifax's and Experian's receiving notice of the disputes from Plaintiff.

29.     In March 2018, FKFCU, Equifax and Experian verified the alleged past due FKFCU account reporting on Plaintiff's credit reports.

30.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, FKFCU, Equifax, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

31.     Upon information and belief, FKFCU, Equifax and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient

attempts to remove the disputed item within a reasonable time following FKFCU's, Equifax's and Experian's receipt of Plaintiff's disputes.

32.    The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due FKFCU account.

33.    In or around January 2018, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax credit report and discovered that Heights was reporting that Plaintiff's Heights account was past due and owing to Heights in the amount of $544.00.

34.    In or around January 2014, Heights charged off Plaintiff's debt in the amount of $544.00, presumably Plaintiff's remaining balance on the Heights account, pursuant to 26 C.F.R. § 6050P(b)(2)(G).

35.    Immediately upon discovering Heights' false and derogatory tradeline which showed an alleged balance due and owing to Heights, Plaintiff filed a dispute with Equifax regarding the inaccuracy of the Heights tradeline given Heights' forgiveness and discharge of the alleged debt.

36.    Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Heights of the disputes at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

37.    In March 2018, Heights and Equifax verified the alleged past due Heights account reporting on Plaintiff's credit report.

38.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Heights and Equifax failed to investigate Plaintiff's dispute and failed to remove the

disputed item from Plaintiff's credit report.

39.     Upon information and belief, Heights and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Heights' and Equifax's receipt of Plaintiff's dispute.

40.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Heights account.  In addition, Defendant's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligence – GLA

41.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.     GLA's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged past due account were negligent under applicable law.

43.     In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, GLA breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

44.     GLA's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and

other compensatory and consequential damages.

45.     GLA's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – FKFCU

46.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     FKFCU's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the FKFCU tradeline were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the status of the FKFCU account, FKFCU breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

48.     FKFCU's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the alleged past due FKFCU account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

49.     FKFCU's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the FKFCU tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Heights

50.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     Heights's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the Heights tradeline were negligent under applicable law.  In failing to investigate

Plaintiff's dispute and in falsely reporting the status of the Heights account, Heights breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

52.     Heights's failure to investigate Plaintiff's disputes and its false reporting to Equifax regarding the alleged past due Heights account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

53.     Heights's failure to investigate Plaintiff's disputes and its false reporting to Equifax regarding the Heights tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Phoenix

54.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.     Phoenix's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged past due account were negligent under applicable law.

56.     In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, Phoenix breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

57.     Phoenix's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

58.     Phoenix's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

59.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

60.     Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the FKFCU and Heights tradelines from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax disputing the tradeline, was negligent.

61.     In failing to properly investigate Plaintiff's dispute of the FKFCU and Heights tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

62.     Equifax's negligent failure to properly investigate Plaintiff's dispute of the FKFCU and Heights tradelines and its consequent failure to remove the tradeline from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

63.     Equifax's failure to properly investigate Plaintiff's dispute of the FKFCU and Heights tradelines and its consequent failure to remove the tradelines from Plaintiff's credit report, despite Plaintiff's lawful disputes to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

64.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

11

through 63 as if fully set forth herein.

65.    Experian's failure to properly investigate Plaintiff's disputes and its consequent failure to remove the GLA, FKFCU and Heights tradelines from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian disputing the tradelines, was negligent.

66.    In failing to properly investigate Plaintiff's dispute of the GLA, FKFCU and Heights tradelines, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

67.    Experian's negligent failure to properly investigate Plaintiff's dispute of the GLA, FKFCU and Heights tradelines and its consequent failure to remove the tradelines from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

68.    Experian's failure to properly investigate Plaintiff's disputes of the GLA, FKFCU and Heights tradelines and its consequent failure to remove the tradelines from Plaintiff's credit report, despite Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Defamation – GLA**

69.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70.    GLA, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due account with GLA.

71.     GLA's statements were false and were made with conscious disregard for the rights of the Plaintiff.

72.     GLA's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – FKFCU

73.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 72 as if fully set forth herein.

74.     FKFCU, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has past due and payable FKFCU account.  FKFCU's statements were false and were made with conscious disregard for the rights of the Plaintiff.

75.     FKFCU's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due FKFCU account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Heights

76.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 75 as if fully set forth herein.

77.     Heights, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has past due and payable Heights account.  Heights's statements were false and were made with

conscious disregard for the rights of the Plaintiff.

78.     Height's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Heights account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Phoenix

79.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 78 as if fully set forth herein.

80.     Phoenix, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due account with Phoenix.

81.     Phoenix's statements were false and were made with conscious disregard for the rights of the Plaintiff.

82.     Phoenix's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Phoenix account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

83.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

84.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, FKFCU, Heights, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has past due accounts with FKFCU and Heights.

14

85.     Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

86.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due FKFCU and Heights accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

87.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 86 as if fully set forth herein.

88.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GLA, FKFCU, Phoenix and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due accounts with GLA, FKFCU and Phoenix.

89.     Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

90.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA, FKFCU and Phoenix accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – GLA

91.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 90 as if fully set forth herein.

92.     GLA's failure to investigate Plaintiff's dispute and it initial and continuing false

reporting to Experian of Plaintiff's alleged past due GLA account is a violation of GLA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

93.   GLA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which GLA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – FKFCU

94.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 93 as if fully set forth herein.

95.   FKFCU's failure to investigate Plaintiff's dispute and it initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due FKFCU account is a violation of GLA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

96.   FKFCU's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which FKFCU is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Heights

97.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 96 as if fully set forth herein.

98.   Heights's failure to investigate Plaintiff's dispute and it initial and continuing false reporting to Equifax of Plaintiff's alleged past due Heights account is a violation of Heights duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

99.   Heights's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Heights is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Phoenix**

100.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 99 as if fully set forth herein.

101.    Phoenix's failure to investigate Plaintiff's dispute and it initial and continuing false reporting to Experian of Plaintiff's alleged past due Phoenix account is a violation of Phoenix's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

102.    Phoenix's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Phoenix is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

103.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 102 as if fully set forth herein.

104.    Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

105.    Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

106.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

107.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 106 as if fully set forth herein.

108.    Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

109.    Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

110.    Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – GLA

111.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 110 as if fully set forth herein.

112.    GLA's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian of Plaintiff's alleged past due GLA account, despite GLA's knowledge of the falsity of its reporting, are willful violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

113.    Given GLA's knowledge of the falsity of its reporting, GLA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which GLA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive

damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – FKFCU

114.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 113 as if fully set forth herein.

115.    FKFCU's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due FKFCU account, despite FKFCU's knowledge of the falsity of its reporting, are willful violations of FKFCU's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

116.    Given FKFCU's knowledge of the falsity of its reporting, FKFCU's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which FKFCU is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Heights

117.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 116 as if fully set forth herein.

118.    Height's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian of Plaintiff's alleged past due Heights account, despite Height's knowledge of the falsity of its reporting, are willful violations of Height's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

119.    Given Height's knowledge of the falsity of its reporting, Height's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Heights is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Phoenix**

120.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 119 as if fully set forth herein.

121.     Phoenix's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian of Plaintiff's alleged past due Phoenix account, despite Phoenix's knowledge of the falsity of its reporting, are willful violations of Phoenix's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

122.     Given Phoenix's knowledge of the falsity of its reporting, Phoenix's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Phoenix is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

123.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 122 as if fully set forth herein.

124.     Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

125.     Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

126.     Equifax's violations of the FCRA amount to willful non-compliance with the

FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

127.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 126 as if fully set forth herein.

128.    Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

129.    Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

130.    Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Cindy L. Young, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3.    For attorneys' fees and costs; and,

4.    Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
Hemminger Law Office
331 Townepark Circle, Suite 100-C
Louisville, KY  40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

22

**VERIFICATION**

I, Cindy L. Young, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Cindy L. Young

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF HARDIN )

Subscribed, sworn to and acknowledged before me by Cindy L. Young this 22 day of May, 2018.

Notary Public

Commission expires: April 12 2021

ID# 577346